UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| CARLOS BENAVIDEZ, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) | Case No. CIV-16-973-HE |
|  | ) |  |
| U.S. FEDERAL BUREAU OF PRISONS et al., | ) ) | |
|  | ) |  |
| Defendants. | ) |  |

## ORDER

Plaintiff Carlos Benavidez initiated this civil action while incarcerated in the custody of the Federal Bureau of Prisons, but he has since been released. In light of multiple postrelease mailings being returned as undeliverable, Plaintiff was ordered on July 28, 2017, to file notice of his current address with the Clerk of Court. *See* Order (Doc. No. 42). Plaintiff has now done so (Doc. No. 46), and his address has been updated on the docket.

Currently at issue is Plaintiff's Second Application for Leave to Proceed *In Forma Pauperis* (Doc. No. 45). Through submission of his Application, Plaintiff (who was previously granted leave to proceed *in forma pauperis* pursuant to the Prison Litigation Reform Act, *see* Doc. No. 6; 28 U.S.C. § 1915(b)) again seeks leave to proceed *in forma pauperis* in this lawsuit. As outlined herein, however, the Court lacks sufficient information to determine whether Plaintiff is entitled to now proceed *in forma pauperis*—i.e., without prepayment of the entire remaining $329.08 balance on his civil filing fee.

In Plaintiff's Second Application, he states under penalty of perjury that he is "unemployed" but also states that he has received an unspecified amount of income from his "[b]usiness, profession, or other self-employment" of odd jobs. Pl.'s Second Appl. at 5-6. He avers that he has no money in any account, and no "automobile" or any other "thing of value" held in his or someone else's name, but he also claims that he "ha[s] a truck" of unidentified value for which he pays $260.00 monthly. *Id.* at 6.[1] In Plaintiff's First Application (Doc. No. 2), Plaintiff had stated that his wife sent him monthly payments at his facility; in his Second Application, there is no mention of any household income from a spouse or any "other sources." *See* Pl.'s Second Appl. at 1-6; *Martin v. A-1 Elec. Heat & Air*, No. CIV-16-1348-R, 2016 WL 7744448, at *1 n.2 (W.D. Okla. Dec. 20, 2016) (R. & R.) ("Spousal income is an appropriate consideration when making a determination as to whether an applicant qualifies to proceed in forma pauperis." (citing cases)), *adopted*, 2017 WL 150041 (W.D. Okla. Jan. 13, 2017).

As a result of these omissions and discrepancies, the Court is unable to determine whether Plaintiff is entitled to proceed *in forma pauperis* at this juncture. *See* 28 U.S.C. § 1915(a)(1); *Treff v. Galetka*, 74 F.3d 191, 197 (10th Cir. 1996) ("[W]hen a litigant's financial condition improves during the course of the litigation, the district court may require him or her to pay fees and costs."). Accordingly, Plaintiff is directed to file a new,

---

[1] Defendants have filed an objection to Plaintiff's Second Application and submitted social-media screenshots from August 2017 showing an individual named "Carlos Benavidez" in Edinburg, Texas, working on projects in connection with a remodeling company. *See* Doc. Nos. 50, 50-1, -2, -3, 4, -5. Plaintiff did not reply to Defendants' objection.

complete application for leave to proceed *in forma pauperis* no later than October 2, 2017. This application should contain complete answers to all of the questions in the form, including *all* sources of household income.

The Clerk of Court is directed to send Plaintiff the Court's approved nonprisoner *in forma pauperis* application form along with this Order.

IT IS SO ORDERED this 18th day of September, 2017.

CHARLES B. GOODWIN
UNITED STATES MAGISTRATE JUDGE